**Nitza DRUYAN Plaintiff–Appellant,**

v.

**HOFSTRA UNIVERSITY,
Defendant–Appellee.**

No. 02–7460.

United States Court of Appeals,
Second Circuit.

Jan. 28, 2003.

Lawrence F. Spirin, Law Office of Lawrence F. Spirin, Woodbury, NY, for Plaintiff–Appellant.

Thomas S. D'Antonio, Ward Norris Heller & Reidy LLP, Rochester, NY, for Defendant–Appellee.

Present: NEWMAN, KATZMANN, and RAGGI, Circuit Judges.

## SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 28th day of January, two thousand three.

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court be and it hereby is AFFIRMED.

Plaintiff appeals the district court's grant of defendant's motion, pursuant to Rule 56 of the Federal Rules of Civil Procedure, for summary judgment and the dismissal of her action for sex and age discrimination. For the reasons that follow, we affirm the decision of the district court.

### Background

Plaintiff–Appellant Nitza Druyan appeals from a final judgment of the United States District Court for the Eastern District of New York (Seybert, *Judge*) dismissing her complaint alleging that defendant-appellee Hofstra University decided not to hire her in April of 1997 because of her age and sex, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621

et seq., and the New York Human Rights Law, N.Y. Exec. Law §§ 290–301.

Druyan, who was 50 years old during the relevant time period in 1997, was an adjunct professor at Hofstra, a position she had held since 1989. She taught in the Hebrew and Jewish Studies program of its Department of Comparative Literature and Languages, teaching mostly Hebrew language classes. In April of 1997, Druyan submitted an application in response to an advertisement for a nationwide search for a tenure-track Assistant Professor of Hebrew and Jewish Studies. Druyan was one of eight candidates interviewed, but the job was offered to Jacques Berlinerblau, a man who was thirty years old at the time. After exhausting her administrative remedies, she brought this action.

At the close of discovery, Hofstra moved for summary judgment, and the district court referred the motion to Magistrate Judge Thomas Boyle for a Report and Recommendation ("R & R"). Magistrate Judge Boyle filed a detailed R & R dated February 28, 2002, in which he recommended that Hofstra's motion be granted and the complaint dismissed. Druyan made timely objections to the R & R, and in a Memorandum and Order dated March 27, 2002, the district court adopted the R & R, granting the summary judgment motion and dismissing the complaint.

## Analysis

We review the district court's decision to grant summary judgment *de novo. Byrnie v. Town of Cromwell,* 243 F.3d 93, 101 (2d Cir.2001).

In cases brought under Title VII, this Court follows the now-familiar burden-shifting analysis first announced in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). *See also Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 146–149, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000); *St. Mary's Honor Center v. Hicks,* 509 U.S. 502, 506–511, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993); *Texas Dep't of Cmty. Affairs v. Burdine,* 450 U.S. 248, 253–256, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). This Court uses the same framework for actions brought pursuant to the ADEA, *see Schnabel v. Abramson,* 232 F.3d 83, 87 (2d Cir.2000), and the New York Human Rights law, *see Wanamaker v. Columbian Rope Co.,* 108 F.3d 462, 467 (2d Cir.1997).

We assume, as did the district court, that plaintiff has made a prima facie case. Defendant has met its burden of production and proffered a legitimate, nondiscriminatory reason for its decision not to hire plaintiff. In order to survive summary judgment, plaintiff must show that there is an issue of material fact about whether defendant discriminated against her. *See St. Mary's Honor Center,* 509 U.S. at 511, 113 S.Ct. 2742; *Fisher v. Vassar College,* 114 F.3d 1332, 1336 (2d Cir.1997) (in banc). Reviewing the record as whole, as a jury would, *see Bickerstaff v. Vassar College,* 196 F.3d 435, 448 (2d Cir.1999), we agree with the district court's determination that plaintiff cannot raise any issue of material fact about defendant's motivation for not hiring her.

We have considered all of plaintiff's arguments, and affirm for substantially the reasons set forth in the district court's opinion.

## Conclusion

For the reasons provided above, the judgment of the district court is AFFIRMED.